**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | **Criminal No. 92-234-03 (GK)** |
| ) | |
| **v.** ) | **FILED** |
| ) | |
| **JEROME A. JACKSON,** ) | **AUG 1 2 2010** |
| ) | |
| **Defendant.** ) | Clerk, U.S. District and |
| ) | Bankruptcy Courts |

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Jerome A. Jackson's pro se "Motion for modification of sentence §4B1.1 Pursuant to Enhancement under Career Offender" [Dkt. No. 484]. Defendant asks this Court to reduce his current sentence of concurrent terms of life imprisonment for a 1992 conviction for unlawful distribution of, and conspiracy to distribute, cocaine. Upon consideration of the Motion, the Government's Response, Defendant's Reply, the entire record herein, and for the reasons discussed below, Defendant's Motion is **denied,** and the Government's Motion is **granted.**

## I.    BACKGROUND[1]

On March 29, 1982, Defendant was arrested for possession with the intent to distribute heroin, in violation of D.C. Code § 48-904.01(a)(1). On October 6, 1982, Defendant was arrested for the

---

[1]    Unless otherwise noted, the facts set forth herein are undisputed and drawn from Defendant's Motion, at 6-9, 12, and the Government's Motion, at 1-3.

(N)

same offense.

On April 19, 1983, the Defendant was convicted on both offenses, and the Superior Court of the District of Columbia sentenced him to concurrent identical terms of two to six years. The Superior Court judge did not consolidate the cases, which were filed separately.

On December 3, 1992, a jury convicted Defendant in federal district court of one count of conspiracy to distribute cocaine and two counts of unlawful distribution of fifty or more grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), and 846. Pursuant to the Federal Sentencing Guidelines and Defendant's classification as a career offender due to his criminal history, Judge Oberdorfer sentenced Defendant to concurrent terms of life imprisonment on February 18, 1994.

Defendant filed a § 2255 motion on October 7, 1997 [Dkt. No. 328], which, after several replies and supplemental motions and memoranda by Defendant, was ultimately denied by this Court on April 22, 2003. [Dkt. No. 443]. The denial of Defendant's Motion was affirmed by the Court of Appeals on November 5, 2004. [Dkt. No. 465].

On August 12, 2009, Defendant filed a motion styled "Motion for modification of sentence §4B1.1 Pursuant to Enhancement under Career Offender" [Dkt. No. 474]. In response, on September 28, 2009, the Government filed a "Motion For An Order Construing

Defendant's [Motion] as Motion Under 28 U.S.C. § 2255, and Transferring Same to D.C. Circuit," in order for the Court of Appeals to determine whether to certify the Defendant's successive § 2255 Motion. [Dkt. No. 476].

On December 28, 2009, this Court granted the Government's Motion to re-characterize Defendant's filing as a § 2255 motion and transferred it to the Court of Appeals. [Dkt. No. 483]. On the same day, Defendant filed the instant Motion, an identical copy of the August 12, 2009, "Motion for modification of sentence §4B1.1 Pursuant to Enhancement under Career Offender," with this Court. On March 12, 2010, the Government filed, in response, a Motion for an Order Construing Defendant's Motion, similar to the Motion it filed on September 28, 2009. [Dkt. No. 487].

## II.  ANALYSIS

If Defendant does not obtain certification from the Court of Appeals, this Court has no subject matter jurisdiction to hear Defendant's Motion. See United States v. Levi, 1997 WL 529069, (D.C. Cir. July 29, 1997) (district court lacked jurisdiction to consider successive § 2255 motions because appellant failed to obtain requisite authorization from the circuit court).

Defendant alleges that the sentencing court incorrectly considered his two prior drug convictions from 1982 as separate offenses rather than consolidating them, thereby increasing his number of criminal history points under the Sentencing Guidelines

and elevating his status to the category of career offender, pursuant to U.S.S.G. § 4B1.1.

Defendant's Motion to reduce his sentence because of an alleged error in his classification is controlled by 28 U.S.C. § 2255(a) ("[A] prisoner in custody . . . claiming . . . that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.").

While the pro se litigant in this case styled his filing as a "Motion for modification of sentence §4B1.1 Pursuant to Enhancement under Career Offender," it in fact requests the same avenue of relief as a motion made under 28 U.S.C. § 2255, regardless of how the defendant labeled it. See United States v. Palmer, 296 F.3d 1135, 1145 (D.C. Cir. 2002) (construing a pro se party's Rule 33 motion liberally and treating it as a motion under § 2255); see also Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam) (allegations of a pro se litigant, "however inartfully pleaded," are subject to "less stringent standards than formal pleadings drafted by lawyers"). This finding is consistent with the Court's December 28, 2009, Order to re-characterize Defendant's previous identical August 12, 2009, Motion under § 2255.

Because Defendant had already filed a § 2255 motion in 1997, this duplicative December 28, 2009, Motion constitutes a "second or

successive" one. Under § 2255(h), a defendant making a "second or successive" motion must have it certified by the appropriate court of appeals in order for the district court to consider it.[2]

Defendant argues that this Court cannot properly re-characterize his December 28, 2009, Motion under § 2255 because it did not "warn[] the litigant that this re-characterization mean[t] that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions." Def.'s Reply at 3 (quoting Castro v. United States, 540 U.S. 375, 376 (2003)). [Dkt. No. 490].[3]

However, the Castro warning requirements for re-characterization only apply to a pro se litigant's first § 2255 motion. Id. Whether Defendant was initially provided warnings about the preclusive effects of making his first § 2255 motion on October 7, 1997, is not before the Court; the Castro requirements do not

---

[2] Pursuant to 28 U.S.C. § 1631 and § 2255(h), in order to grant certification, the Court of Appeals must determine whether the "second or successive" § 2255 motion contains:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h)(1)-(2).

[3] The Court has amended Defendant's quotation from Castro to correct any inadvertent errors in citation.

-5-

apply to "second or successive" § 2255 motions, as is the case here
with Defendant's motions on August 12, 2009, and December 28, 2009.
Therefore, Defendant's Motion must be transferred to and certified
by the Court of Appeals before this Court has jurisdiction over the
matter.

**III. CONCLUSION**

For the foregoing reasons, Defendant's Motion is **denied,** and
the Government's Motion is **granted.** This case is hereby **transferred**
to the Court of Appeals for a certification determination.


August 13, 2010                    /s/ Gladys Kessler
                                   Gladys Kessler
                                   U.S. District Court Judge


Copies to: Attorneys of record via ECF

and

Jerome A. Jackson
Fed. Reg. 17292-016
P.O. Box 1000 - Medium
Federal Correctional Complex
Petersburg, VA 23804